ACKERMANN & TILAJEF, P.C.
CRAIG ACKERMANN (State Bar No. 229832)
TATIANA HERNANDEZ (State Bar No. 255322)
1180 South Beverly Drive, Suite 600
Los Angeles, CA 90035
Phone: (310) 277-0614
Facsimile: (310) 277-0635
Email: cja@laborgators.com
Email: Tatiana@laborgators.com

Attorneys for Plaintiff Juan Reynoso

HUNTON & WILLIAMS LLP
NINA D. FROESCHLE (State Bar No. 131897)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Phone: (213) 532-2000
Facsimile: (213) 532-2020
Email: nfroeschle@hunton.com

HUNTON & WILLIAMS LLP
W. CHRISTOPHER ARBERY (Admitted *Pro Hac Vice*)
Bank of America Plaza
600 Peachtree, N.E., Suite 4100
Atlanta, Georgia 30308-2216
Phone: (404) 888-4000
Email: carbery@hunton.com

Attorneys for Defendant Stock Building Supply West, Inc.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN REYNOSO a/k/a JOHN REYNOSO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>STOCK BUILDING SUPPLY WEST, INC.<br><br>    Defendant. | Case No. W08-3578-ABC (RMCx)<br><br>**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS** |

1  Subject to the approval of this Court, the parties hereby stipulate to the
2  following protective order:
3      1.  This Confidentiality Order Governing Protection and Production of
4  Confidential Information, Documents, and Materials (the "Confidentiality Order")
5  governs the handling of confidential, non-public, and/or sensitive information,
6  documents, and other materials produced, provided, or obtained in the above-
7  captioned lawsuit (the "Litigation"). Such information, documents, and other
8  materials may include without limitation non-public business or personal information
9  and records of Plaintiff, Defendant, and Defendant's employees, which have been or
10  will be provided, produced, or obtained pursuant to interrogatories, document
11  requests, notice(s) of deposition, deposition(s) upon written questions, Court Order, or
12  subpoena in this Litigation. Such information, documents, and other materials also
13  may include "Protected Health Information" within the meaning of 45 C.P.R. §
14  164.501, promulgated pursuant to the Health Insurance Portability and Accountability
15  Act of 1996 ("HIPAA"). This Confidentiality Order is intended to meet the
16  requirements of a "qualified protective order" as described in 29 C.F.R. §
17  164.512(e)(1).
18      2.  Any of the parties may designate as "Confidential" any information,
19  documents, and/or other materials which they believe in good faith contain
20  confidential, sensitive, and/or non-public information and which are not normally
21  available or accessible to former employees of Defendant(s) by notifying all other
22  counsel, in writing, of the designation specific to the information, document(s), or
23  material(s). All documents clearly marked with the word "Confidential," and all
24  documents, written responses to interrogatories, or questions, transcripts, or portions
25  of transcripts otherwise clearly identified as such by a party or its counsel in this
26  Litigation in writing (or upon written record or transcript in an oral proceeding) from
27  the date of such designation, even if the documents were produced or obtained before
28  such date, shall be subject to this Confidentiality Order. For purposes of this

HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-26270

Confidentiality Order, such information, documents, and other materials designated as "Confidential" (hereinafter "Confidential Materials") may include those containing data or information regarding Defendant's policies, procedures, processes, systems, methods, practices, or plans not generally available and accessible to the public, including but not limited to operational and employee manuals, handbooks, training materials, policies, schedules, logs, and records or reports containing data or information regarding sales, expenses, projects, deliveries, customers, suppliers, personnel, employee time and attendance, meal and rest breaks, and security.

   3. Any of the parties may designate as "Highly Confidential" any information, documents, and/or other materials which they believe in good faith contain highly sensitive, proprietary, or trade secret information, by notifying the opposing party of the designation specific to the information, document(s), or material(s). For purposes of this Confidentiality Order, such information, documents, and materials designated as "Highly Confidential" (hereinafter "Highly Confidential Materials") shall be limited to those containing the following:

   a. Personal data and information, in any form, regarding any party or any employee or former employee of any party or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to identifications, home addresses, specific compensation and benefit amounts, medical and psychological conditions, marital status, work performance, disciplinary actions, and work history.

   b. Business, personnel, marketing, sales, technical, or other information or data, in any form, that have been created, compiled, or otherwise obtained by a party or its predecessor(s) or successor(s) or its/their employees or agents which derives economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use, and which is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1  c.   Information or data that may be deemed a trade secret under applicable
2  law or whose unlimited disclosure is believed in good faith to pose a risk of damage to
3  a party's competitive position in its business.
4        All documents clearly marked with the words "Highly Confidential," and all
5  documents, written responses to interrogatories or questions, transcripts, or portions of
6  transcripts otherwise clearly identified as such by a party or its counsel in this
7  Litigation in writing (or upon written record or transcript in an oral proceeding), from
8  the date of such designation, even if the documents were produced or obtained before
9  such date, shall be subject to this Confidentiality Order and to the same requirements
10 as information, documents and/or other materials designated "Confidential."  Further,
11 any party to this Litigation that desires to use any document clearly marked with the
12 words "Highly Confidential," and/or any document, written response to an
13 interrogatory and/or any question, transcript, or portion of a transcript otherwise
14 clearly identified as "Highly Confidential," in conjunction with any filing with the
15 Court, or to otherwise place such materials in the public record, must file said
16 materials under seal pursuant to Local Rule 79-5.  For purposes of this Order, such
17 information, documents, and other materials shall be referred to hereafter as "Highly
18 Confidential Materials."
19     4.   Confidential Materials and Highly Confidential Materials shall be used
20 and disclosed solely for legitimate purposes of this Litigation, including, among other
21 things, use in conjunction with testimony and as exhibits at trial, in conjunction with
22 motions, hearings, depositions, or witness preparation, and preparation for trial or any
23 motion, hearing, deposition, or other proceeding connected with this Litigation.  Such
24 use shall be subject to the restrictions of this Order. Confidential Materials and Highly
25 Confidential Materials shall not be used or disclosed in any proceedings other than
26 this Litigation or to further or disrupt the personal or business interests of any person
27 (other than the preparation and prosecution of claims and defenses in this Litigation).
28 Under no circumstance will any party or the representative(s) of any party to this

HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-26270

1 Litigation provide or disclose any Confidential Materials or Highly Confidential
2 Materials that have been provided, produced, or obtained during this Litigation by
3 another party to the press or media, to other current or former employees or applicants
4 of Defendant, or to any other individual or employer, except as otherwise expressly
5 allowed under the terms of this Order.  Use or disclosure of Confidential Materials or
6 Highly Confidential Materials beyond the restrictions of this Order, whether during
7 this Litigation or after its conclusion, may occur only with the express written consent
8 of the party or of its counsel of record in this Litigation who designated the materials
9 as "Confidential" or "Highly Confidential" (EXCEPT that, to the extent any such
10 Confidential Materials or Highly Confidential Materials constitute Protected Health
11 Information, use or disclosure of such Protected Health Information beyond the
12 restrictions of this Order may occur only with the express authorization of the
13 individual about whom such information pertains to the extent required by law), or as
14 otherwise required by law or by order of any court of competent jurisdiction.  The
15 parties voluntarily agree to comply with the terms of this Order immediately upon its
16 execution by all parties hereto, and to comply with its terms as entered or modified by
17 the Court.

18      5. Confidential Materials and Highly Confidential Materials may be
19 published, circulated, disclosed, delivered, or made available to a "Qualified Person"
20 as defined in Paragraph 6 of this Order and to no one else, except as specifically
21 provided herein.  In the event a party or that party's counsel of record deem(s) it
22 necessary to disclose any documents or other materials designated as "Confidential"
23 to a person who is not a Qualified Person as defined in Paragraph 6, such party or
24 counsel must have a good faith belief that such disclosure is reasonably necessary for
25 legitimate purposes in this Litigation and, before disclosing the materials to such
26 person, must first require such person to read this Order and agree, by executing an
27 agreement in the form of "Exhibit A" attached hereto, as follows: (a) to be bound by
28 the terms of this Order; (b) not to disclose, deliver, or make available Confidential

HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-26270

Materials to anyone other than a Qualified Person; and (c) to use any Confidential Materials solely for legitimate purposes of this Litigation.  The executed agreements shall be retained by the party or attorney who discloses, delivers, or makes available the Confidential Materials to the person for a period of six (6) months after the "Conclusion" of this Litigation (which means after final order of the Court and after all appeal rights have expired) but shall not be discoverable in this action unless there is a good faith claim that this Order has been violated or as otherwise ordered by the Court.  Documents and materials designated as "Highly Confidential" shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a Qualified Person.

  6. "Qualified Person(s)" as used in this Order means:

  a. Parties and their designated representatives and attorneys of record in this Litigation, other attorneys employed by or consulting with the attorneys of record for purposes of this Litigation, and other employees and/or consultants of such attorneys to whom it is reasonably necessary that Confidential Materials or Highly Confidential Materials be shown for purposes of this Litigation;

  b. Experts retained or utilized by the parties or their attorneys of record in this Litigation for the purpose of assisting in preparation for trial or other proceedings in this Litigation, such as physicians, psychiatrists, psychologists, physical or mental health consultants, statisticians, economists, or other experts, including staff and support personnel to whom it is necessary that Confidential Materials or Highly Confidential Materials be shown for purposes of assisting in such preparation;

  c. Custodians and/or authors of the Confidential Materials and Highly Confidential Materials to whom it is reasonably necessary that the Confidential Materials or Highly Confidential Materials be shown for purposes of assisting in preparation for trial or other proceedings in this Litigation, provided that such persons shall not be deemed "Qualified Persons" with respect to other Confidential Materials or Highly Confidential Materials of which the person was not an author or custodian;

   d. Current or former employees of Defendant, but only with respect to documents and materials reflecting policies, procedures, practices, rules, transactions, occurrences, events, or facts about which counsel for the non-producing party has a good faith basis for believing that the person has or may have personal knowledge, provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials or Highly Confidential Materials which are not relevant to the person's testimony or knowledge;

   e. Any person who is testifying in a deposition, hearing, trial or other proceeding in this Litigation and any court reporter or videographer recording such testimony in the presence of counsel for the parties, provided that counsel for the non-producing party has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials or Highly Confidential Materials which are not relevant to the person's testimony or knowledge;

   f. Judicial officers, court personnel, court reporters, stenographers, videographers, mediators, notice administrators, settlement administrators, or other practitioners engaged or assigned to this case to whom Confidential Materials or Highly Confidential Materials must be disclosed for the fulfillment of their professional duties as part of this litigation;

   g. Any other person who is designated as a Qualified Person by agreement of the parties or by order of the Court, subject to the specific terms of such designation.

   7. Nothing contained in this Order shall prohibit use of Confidential Materials or Highly Confidential Materials at trial of this action or at any hearing or deposition related to this Litigation, except that the parties reserve the right to object to the production, use, or admission into evidence of any such information, documents, or materials for any reason grounded upon the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Further, the parties reserve the right

HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-26270

to petition the Court to seal records of the Litigation containing Confidential Materials, and reserve the right to seek additional protective order(s) if the need arises.

8. In the event any party to this Litigation disagrees with the designation of any information, documents, or materials as "Confidential" or "Highly Confidential," or the restriction of the use or disclosure of such information, documents, or materials pursuant to this Order, that party must in good faith attempt to resolve the disagreement on an informal basis. If the parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party challenging the "Confidential" or "Highly Confidential" designation who seeks to except such materials from the terms, conditions, and restrictions of this Order may apply for appropriate relief from the Court under Local Rule 37, with compliance with 37-1 & 37-2. The burden shall be on the party challenging the "Confidential" or "Highly Confidential" designation to demonstrate that the restrictions of this Order should not apply to such materials. The Court may resolve the dispute upon in camera inspection of the materials designated "Confidential" or "Highly Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to such materials. To the extent a dispute under this paragraph results in substantial delay in the discovery process, the non-prevailing party in such dispute will not object to the continuance of discovery with respect to the information, documents, or materials in question beyond the expiration of the discovery period.

9. Inadvertent or unintentional production of any confidential or privileged documents or other materials, regardless of whether the documents or other materials were designated as "Confidential," "Highly Confidential," at the time of production, shall not be deemed a waiver or an impairment in whole or in part of a claim of confidentiality or the provisions of this Order. Within five (5) days of receipt of notice from the party who produced the documents or other materials that any privileged documents or materials were inadvertently or unintentionally produced, counsel so notified after receiving such documents or other materials shall immediately return

1  them to the other party (along with all copies thereof) without further review of the
2  information set forth therein. Use or disclosure of documents or other materials before
3  or without notice that the documents or other materials are deemed to be
4  "Confidential" or "Highly Confidential" shall not constitute a violation of this Order.

5        10.    This Order shall not operate as a waiver by any party to this Litigation of
6  any objection to producing or providing any documents, information, or other
7  materials, nor shall it operate as a waiver by any party of any objection to entry of any
8  document or other material into evidence at trial or in any other proceedings in this
9  Litigation on grounds other than those addressed in this Order. This Order also does
10 not constitute a waiver of any argument regarding the timeliness of objections or
11 production of documents.

12       11.    After the Conclusion of this Litigation, any Confidential Materials or
13 Highly Confidential Materials that also constitute "Protected Health Information"
14 within the meaning of 45 C.F.R. § 164.501, shall be returned to the disclosing
15 individual or entity, or shall be destroyed upon the expiration of sixty (60) days of the
16 Conclusion of the Litigation, except that a party to this litigation and Confidentiality
17 Order may waive this requirement with regard to Protected Health Information
18 directly concerning that party by failing to request return or destruction within 60 days
19 after the conclusion of the litigation.  Otherwise, all Confidential Materials and Highly
20 Confidential Materials shall be kept in the possessing parties' secure files after the
21 Conclusion of this Litigation in accordance with the provisions herein or shall be
22 returned to the party who produced them in discovery, or shall be destroyed, upon that
23 party's request by arrangement of that party and at that party's expense within six (6)
24 months after the Conclusion of this Litigation. However, failure to request return or
25 / / /
26 / / /
27 / / /
28 / / /

1  destruction does not alter the terms of this Order or the obligation of any party to
2  maintain the confidentiality of the information contained in Confidential Materials or
3  Highly Confidential Materials.

DATED: December 16, 2008             ACKERMANN & TILAJEF, P.C.

                                      By: /s/Craig J. Ackermann
                                         CRAIG J. ACKERMANN
                                         Attorneys for Plaintiff
                                         JUAN REYNOSO
                                         aka JOHN REYNOSO

DATED: December 16, 2008             HUNTON & WILLIAMS LLP


                                      By: /s/Nina D. Froeschle
                                         NINA D. FROESCHLE
                                         Attorneys for Defendant
                                         STOCK BUILDING SUPPLY
                                         WEST, INC.

**IT IS SO ORDERED; as amended at paras. 3 and 8.**

DATED: _December 19, 2008      _/S/ Rosalyn M. Chapman_____
                                HON. ROSALYN M. CHAPMAN
                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIALS

Having read the CONFIDENTIALITY ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS ("CONFIDENTIALITY ORDER") in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby.  The undersigned further agrees not to reveal information designated as "Confidential" or "Highly Confidential" to anyone other than a Qualified Person as defined in the CONFIDENTIALITY ORDER and agrees to use such information solely for the purposes of this Litigation.

_____          _____
Signature                                                         Date

10

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS**